French, J.
{¶ 1} In this appeal, we consider whether appellants, ProgressOhio.org, Inc., Michael J. Skindell, and Dennis E. Murray Jr., have standing to challenge the JobsOhio Act, R.C. 187.01 et seq. and 4313.01 et seq. We have long held that a party wishing to sue must have a direct, personal stake in the outcome of his or her case; ideological opposition to a program or legislative enactment is not enough. Applying that precedent here, we conclude that appellants have failed to show that they have any personal stake in the outcome of this litigation. They therefore lack the direct injury required for common-law standing. Appellants similarly fail to allege a cognizable basis for statutory standing. Accordingly, we conclude that appellants are not proper parties to challenge the constitutionality of the JobsOhio legislation.

Facts and Procedural History

{¶2} This case concerns appellants’ constitutional challenge to the JobsOhio Act. The act authorized the creation of a nonprofit corporation, JobsOhio, for “the purposes of promoting economic development, job creation, job retention, job training, and the recruitment of business” to Ohio. R.C. 187.01. An appropriation from the Department of Development initially funded and established JobsOhio. 2011 Am.Sub.H.B. No. 1, Section 5. Thereafter, JobsOhio was given the right to purchase the state’s liquor distribution and merchandising operations and to operate from revenues of the liquor enterprise. R.C. 4313.02(A).
{¶ 3} Appellant, ProgressOhio.org, Inc., is an entity organized under 26 U.S.C. 501(c)(4). It was “created to provide a progressive voice for Ohio citizens[,] * * * to inform and educate the public about progressive ideals, values and politics [and] to ensure that the government follows the dictates of the U.S. and Ohio Constitutions.” Joining ProgressOhio as appellants are Michael J. Skindell, a *521 member of the Ohio Senate, and Dennis E. Murray, a former member of the Ohio House of Representatives.
{¶ 4} Appellants filed this action for declaratory and injunctive relief in the Franklin County Common Pleas Court. Appellants sought a declaration that the act violated the Ohio Constitution and an injunction prohibiting the formation and continued operation of JobsOhio. Appellants primarily claimed that JobsOhio violated constitutional prohibitions on spending, corporate creation, and corporate investment.
{¶ 5} The trial court dismissed the case, finding that appellants lacked standing to sue. The Tenth District Court of Appeals agreed. It held that appellants lacked the personal stake and direct injury necessary for standing. 2012-Ohio-2655, 973 N.E.2d 307, ¶ 19 (10th Dist.). It also held that appellants did not present an issue of public interest great enough to otherwise warrant standing under State ex rel. Ohio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 715 N.E.2d 1062 (1999). 2012-Ohio-2655, 973 N.E.2d 307, at ¶ 32.
{¶ 6} This court accepted appellants’ discretionary appeal. The only issue before us is whether appellants have standing to bring this action.

Analysis

{¶ 7} “Before an Ohio court can consider the merits of a legal claim, the person or entity seeking relief must establish standing to sue.” Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. Traditional standing principles require litigants to show, at a minimum, that they have suffered “(1) an injury that is (2) fairly traceable to the defendant’s allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.” Moore v. Middletown, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22. Standing does not depend on the merits of the plaintiffs claim. Id. at ¶23. Rather, standing depends on whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case. Clifton v. Blanchester, 131 Ohio St.3d 287, 2012-Ohio-780, 964 N.E.2d 414, ¶ 15; State ex rel. Dallman v. Franklin Cty. Court of Common Pleas, 35 Ohio St.2d 176, 178-179, 298 N.E.2d 515 (1973).
{¶ 8} Appellants concede that they have no personal stake in the outcome of this litigation. Consequently, they are admittedly unable to meet the requirements to establish traditional standing. Instead, appellants claim that they possess standing through four alternative means: (1) the public-right doctrine, (2) taxpayer standing, (3) statutory standing under a portion of the Declaratory Judgment Act, R.C. 2721.03(A), and (4) statutory standing under a portion of the JobsOhio Act, R.C. 187.09. We disagree on all counts, which we address in turn.
*522 I. The Public-Right Doctrine
{¶ 9} First, appellants claim that they have standing under the public-right doctrine outlined in Sheward, 86 Ohio St.3d 451, 715 N.E.2d 1062. The public-right doctrine represents “an exception to the personal-injury requirement of standing.” Id. at 503. The doctrine provides that “when the issues sought to be litigated are of great importance and interest to the public, they may be resolved in a form of action that involves no rights or obligations peculiar to named parties.” Id. at 471. To succeed in bringing a public-right case, a litigant must allege “rare and extraordinary” issues that threaten serious public injury. (Emphasis deleted.) Id. at 504. Not all allegedly illegal or unconstitutional government actions rise to this level of importance. Id. at 503.
{¶ 10} Appellants do not have standing under the public-right doctrine. As Sheward makes clear, the public-right doctrine applies only to original actions in mandamus and/or prohibition. Id. at paragraph one of the syllabus (“Where the object of an action in mandamus and/or prohibition is to procure the enforcement or protection of a public right, the relator need not show any legal or special individual interest in the result * * * ” [emphasis added]). It does not apply to declaratory-judgment actions filed in common pleas courts, and we have never used the doctrine in such a case.
{¶ 11} Nor could we. The Ohio Constitution expressly requires standing for cases filed in common pleas courts. Article IV, Section 4(B) provides that the courts of common pleas “shall have such original jurisdiction over all justiciable matters.” (Emphasis added.) A matter is justiciable only if the complaining party has standing to sue. Fed. Home Loan Mtge. Corp. v. Schwartzwald, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41 (“It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy”). Indeed, for a cause to be justiciable, it must present issues that have a “direct -and immediate” impact on the plaintiffs. Burger Brewing Co. v. Liquor Control Comm., Dept. of Liquor Control, 34 Ohio St.2d 93, 97-98, 296 N.E.2d 261 (1973). Thus, if a common pleas court proceeds in an action in which the plaintiff lacks standing, the court violates Article IV of the Ohio Constitution. Article IV requires justiciability, and justiciability requires standing. These constitutional requirements cannot be bent to accommodate Sheward.
{¶ 12} Even assuming that Sheward could apply to common-pleas actions, it would not apply in this case. Appellants make little effort to present a rare and extraordinary public issue. Instead, they assert that citizens should be able to challenge any alleged constitutional violations, regardless of rarity or magnitude. Appellants’ position is incompatible with Sheward, which clearly states that not *523 all allegations of constitutional harm warrant an exception to the personal-stake requirement of standing. 86 Ohio St.3d at 503, 715 N.E.2d 1062; see also State ex rel. Leslie v. Ohio Hous. Fin. Agency, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, quoting Sheward at 504 (constitutional challenge to state spending measures was “not a ‘rare and extraordinary case’ warranting invocation of the public-right exception to the personal-stake requirement of standing”). Thus, another reason that appellants’ Sheward argument fails is that they do not show the type of rare and extraordinary public-interest issue required by Sheward. Accordingly, we find that appellants cannot establish standing under the public-right doctrine.
{¶ 13} We recognize that this case presents broader concerns about the overall validity of Sheward and the public-right doctrine. Sheward was a deeply divided, four-to-three decision, and it remains controversial today. JobsOhio and its amici criticize Sheward heavily, urging that we take this opportunity to overrule Sheward and settle the law of standing in Ohio. Nevertheless, given our holding today, we must decline JobsOhio’s invitation to reevaluate Sheward. Sheward does not apply in this common-pleas action, and thus we express no opinion as to Sheward’s continued vitality.
II. Taxpayer Standing
{¶ 14} Next, appellants argue that they have common-law taxpayer standing to challenge the JobsOhio Act. We conclude, however, that appellants have waived any claim to taxpayer standing by failing to raise the issue in the lower courts.
{¶ 15} The trial court made two rulings- on the issue of taxpayer standing: (1) that appellants never asserted taxpayer standing in their complaint and (2) that, regardless, appellants failed to qualify for taxpayer standing. Appellants did not appeal that holding, and they did not brief or argue the issue of taxpayer standing in the court of appeals. Instead, appellants’ assignments of error focused only on the public-right doctrine, legislative standing, and statutory standing under R.C. 187.09.
{¶ 16} Appellants maintain that they have not waived the issue of taxpayer standing, because their broad proposition of law (“Plaintiffs have standing to bring this action”) allows them to assert all possible bases for standing. Even if we were to agree that appellants’ proposition of law is broad enough to encompass the issue of taxpayer standing, appellants still waived that claim by not raising and arguing it in the court of appeals. See State ex rel. E. Cleveland Fire Fighters’ Assn., Loc. 500, Internatl. Assn. of Fire Fighters v. Jenkins, 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, ¶ 12 (holding that appellant waived a claim of standing by failing to raise it in the court of appeals). Accordingly, we reject appellants’ purported taxpayer standing.
*524 III. Standing Under the Declaratory Judgment Act
{¶ 17} In addition to standing authorized by, common law, standing may also be conferred by statute. Middletown v. Ferguson, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986). To that end, appellants assert that they have standing under R.C. 2721.03, a portion of the Declaratory Judgment Act. We conclude that appellants have similarly waived any claim to standing under R.C. 2721.03.
{¶ 18} Appellants raised no claim of standing under R.C. 2721.03 in the lower courts. They argue, however, that they must be able to raise the issue now because of developments in the law — specifically, this court’s decision in Moore, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977. In Moore, this court held that property owners could bring a declaratory-judgment action to challenge the constitutionality of rezoning if the owners pled an injury caused by the rezoning. Id. at ¶ 56. In dicta, the majority addressed the court of appeals’ holding that R.C. 2721.03 does not itself determine standing to bring a declaratory-judgment action: “Although it is true that R.C. Chapter 2721 is the legislative source of a cause of action for declaratory relief, we do not necessarily agree that the statute does not confer standing.” Id. at ¶ 48. This court did not, however, decide that question.
{¶ 19} The equivocal statement in Moore hardly qualifies as a change in law that warrants overlooking appellants’ waiver here. But even if it did, appellants’ statutory-standing claim would still fail, as they do not meet the requirements of R.C. 2721.03. R.C. 2721.03 applies only to “person[s] whose rights, status, or other legal relations are affected by a constitutional provision [or] statute.” (Emphasis added.) See also Moore at ¶ 49 (declaratory relief available only when there is a real, justiciable controversy and relief is necessary “to preserve the rights of the parties”). Indeed, the three prerequisites to declaratory relief are (1) a real controversy between the parties, (2) justiciability, and (3) the necessity of speedy relief to preserve the parties’ rights. Burger Brewing Co., 34 Ohio St.2d at 97, 296 N.E.2d 261, citing Am. Life & Acc. Ins. Co. of Kentucky v. Jones, 152 Ohio St. 287, 296, 89 N.E.2d 301 (1949). Appellants ignore these requirements. They do not show that they have any rights at stake or that speedy resolution will bring them any concrete relief. They simply argue that they have an idealistic opposition to the government’s “use of public fund[s] to prop up purely private corporations.” This is insufficient under the Declaratory Judgment Act, and we reject appellants’ contrary assertion.
IV. Standing Under the JobsOhio Act
{¶ 20} Finally, appellants contend that the JobsOhio Act itself, and particularly R.C. 187.09(B), cloaks them with standing to challenge JobsOhio. R.C. 187.09(B) sets out time and place requirements for challenging the constitutionality of the JobsOhio legislation and provides as follows:
*525 Except as provided in division (D) of this section, any claim asserting that [the JobsOhio Act] violates any provision of the Ohio Constitution shall be brought in the court of common pleas of Franklin county within ninety days after the effective date * * * of this section * * *.
{¶ 21} R.C. 187.09(B) makes no mention of standing. Nevertheless, appellants argue that the statute is ambiguous and that this court must broadly construe it to provide standing to avoid rendering the statute meaningless. Appellants claim that R.C. 187.09(B) is ambiguous because it contemplates that someone will have standing to challenge the JobsOhio Act, but does not specify who has this standing. We disagree.
{¶ 22} R.C. 187.09 conveys a clear and definite meaning. The statute unambiguously provides that with the exception of claims within the original jurisdiction of this court or a court of appeals, any constitutional challenge to the JobsOhio legislation must lie in the Franklin County Court of Common Pleas and must be brought within 90 days after September 29, 2011. R.C. 187.09(B) and (D). The fact that R.C. 187.09 is silent as to who has standing to maintain a constitutional challenge to the legislation does not render the statute ambiguous. Nor will we read the statutory silence as clearly expressing an intention to abrogate the common-law requirements for standing. See Bresnik v. Beulah Park Ltd. Partnership, Inc., 67 Ohio St.3d 302, 304, 617 N.E.2d 1096 (1993) (this court will not read a statute as abrogating the common law unless the statutory language clearly expresses or imports that intention). Accordingly, we reject appellants’ argument that R.C. 187.09(B) grants them standing to challenge the JobsOhio Act.
V. Appellants’ Policy Concerns
{¶ 23} Throughout their brief, appellants contend that it is a practical necessity for us to grant them standing. Unless we allow them to pursue this action, appellants argue, no one will ever be able to challenge JobsOhio or enforce the Ohio Constitution. We disagree.
{¶ 24} Appellants stress that they were the only litigants to file a lawsuit within the 90-day time frame set by R.C. 187.09(B). Thus, they argue, if this court does not grant appellants standing, no one will ever be able to challenge JobsOhio. Appellants are mistaken. Both R.C. 187.09(C) and (D) provide extended statutes of limitations for challenges to JobsOhio. R.C. 187.09(C) provides that “any claim asserting that any action taken by JobsOhio violates any provision of the Ohio Constitution shall be brought * * * within sixty days after the action is taken.” And R.C. 187.09(D) allows aggrieved parties to bring an *526 original action in this court, without any time limitation. Additionally, to the extent that the 90-day time limit in R.C. 187.09(B) is unconstitutional,[1] as appellants have suggested, a person with standing could still sue and challenge the time limitation as part of that suit. In short, appellants are not the last line of defense against JobsOhio, despite the dire picture they paint.
{¶ 25} Justice Pfeifer’s dissent expresses similar concerns, erroneously concluding that today’s decision “ensures that no court will ever address the question of the constitutionality of the JobsOhio legislation,” because “[n]either the state, nor its counsel, nor the majority opinion has been able to conjure a realistic example of a person or entity that would have the requisite standing and inclination to bring a claim.” Justice Pfeifer’s statements are demonstrably incorrect; in reality, all of the parties in this case — including appellants— identified multiple persons and entities that could potentially bring a claim. Thus, despite Justice Pfeifer’s protestations to the contrary, we do not hold, and the parties do not suggest, that no person could ever have standing to challenge JobsOhio. A proper party — i.e., one with legal standing — may unquestionably contest the constitutionality of JobsOhio. As to that proper party, the courthouse doors remain open.

Conclusion

{¶ 26} Appellants have no personal stake in the outcome of this litigation and therefore lack common-law standing to challenge the JobsOhio Act. The public-right doctrine cannot save appellants, as it does not apply to actions brought in common pleas courts. Appellants’ alternative claims to statutory standing likewise fail.
{¶ 27} If and when an injured party seeks to challenge JobsOhio, we may entertain such a case. But an injured party is not before us today. Appellants lack standing to bring this suit, and they may pursue it no further.
Judgment affirmed.
O’Connor, C.J., and Whitmore and Lanzinger, JJ., concur.
Kennedy, J., concurs in judgment only.
Pfeifer and O’Neill, JJ., dissent.
Beth Whitmore, J., of the Ninth Appellate District, sitting for O’Donnell, J.

. The issue of whether the 90-day time limit is constitutional is not before us today. Although appellants initially asked this court to review the constitutionality of R.C. 187.09(B), we specifically declined to exercise our discretionary jurisdiction over that issue. 134 Ohio St.3d 1416, 2013-Ohio-158, 981 N.E.2d 883. And even if we had accepted the issue for review, appellants’ lack of standing would still prevent us from considering it here.