*18 Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 53} As far as I can tell, public-right standing continues to exist in Ohio. See State ex rel. Ohio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 471, 715 N.E.2d 1062 (1999) (“This court has long taken the position that when the issues sought to be litigated are of great importance and interest to the public, they may be resolved in a form of action that involves no rights or obligations peculiar to named parties”). But this court continues to treat this form of standing, and the litigants who rely on it, dismissively. See ProgressOhio.org, Inc. v. JobsOhio, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 37-55 (Pfeifer, J., dissenting) (explaining the reasons for public-right standing generally and why I believe it applied in that case).
{¶ 54} This case is of great interest to the public. It involves a 2009 constitutional amendment on which over 3,000,000 Ohioans cast a vote. Ohio Secretary of State, State Issue 3: November 3, 2009, Official Results, http://www.sos.state.oh.us/sos/elections/Research/electResultsMain/2009ElectionResults/ 20091103issue3.aspx (accessed Jan. 14, 2016). We should honor the people of Ohio enough to allow a judge to hear the litigants’ arguments on the merits in this case. Whether the arguments are good enough to carry the day is unknown, but the litigants deserve the right to be heard concerning a significant constitutional amendment that as recently as six years ago engaged the attention of over 3,000,000 Ohioans.
{¶ 55} I don’t think that Ohioans should have the unfettered ability to challenge provisions of the Constitution of Ohio, though any concerns that there will be an avalanche of cases asserting public-right standing are unwarranted because this court has demonstrated its ability to reject frivolous, inconsequential, or inane claims. But when citizens bring before the court significant and important issues that affect millions of Ohioans, this court should not throw up its hands and sputter “but these people have not suffered a differentiated harm.”
{¶ 56} I concur in the portion of the lead opinion that concludes that appellant Frederick Kinsey has standing. I dissent from the portions of the lead opinion that conclude that the various other appellants do not have standing, because I believe that they have public-right standing. I would allow all of the issues raised to be heard on the merits. Accordingly, I concur in part and dissent in part.
O’Neill, J., concurs in the foregoing opinion.