O’Neill, J.,
dissenting.
{¶ 16} I respectfully dissent. Without analyzing the substance of the claim asserted by appellant, Victoria Ullmann, I would hold that Ullmann has standing-under the public-right doctrine as articulated in ProgressOhio.org, Inc. v. JobsOhio, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, and State ex rel. Ohio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 715 N.E.2d 1062 (1999). The diversion of public funds into a closely held and secret organization for 'distribution to friends and allies is a truly rare and extraordinary issue worthy of scrutiny by the Supreme Court of Ohio.
{¶ 17} To qualify for standing under the public-right doctrine, a petitioner must allege “ ‘rare and extraordinary’ issues that threaten serious public injury.” ProgressOhio.org at ¶ 9, quoting Sheward at 504. ProgressOhio.org narrowed the public-right doctrine to apply only to original actions in mandamus and/or prohibition. ProgressOhio.org at ¶ 10. In so doing, this court closed the courthouse doors to the plaintiffs in ProgressOhio.org, because their action was a declaratory-judgment action filed in common pleas court. Id. As Justice Pfeifer observed in his dissenting opinion, this court’s decision in ProgressOhio.org begs the question: What person or entity would have the requisite standing and inclination to bring a claim challenging the constitutionality of the JobsOhio Act? Id. at ¶ 52 (Pfeifer, J., dissenting, joined by O’Neill, J.).
{¶ 18} Here, the majority acknowledges that Ullmann has filed'an original action. Nonetheless, without any analysis whatsoever of whether this case alleges rare and extraordinary issues that threaten public injury, the majority has once again announced that individual citizens like Ullmann have no access to the courts. Instead, the majority abandons the standing analysis and declares with judicial imperiousness that mere citizens have no standing to challenge their government’s decision to turn an entire division of state government into a private enterprise that is funded with public money and is not even under the scrutiny of the state auditor.
{¶ 19} The fact that the plain language of R.C. 2733.04 confers discretion on the attorney general to commence an action in quo warranto is irrelevant to Ullmann’s standing to bring the claim.
{¶ 20} As a majority of this court finds yet another petitioner unworthy to challenge JobsOhio, the question Justice Pfeifer raised in his dissenting opinion in ProgressOhio.org looms. Who has standing? Regardless of the merits of her claim, I would hold that Ullmann has standing to bring this action. Standing is *261 not an urban legend, a myth, or a mere concept. It is a means to access government. The majority’s decision in this case unjustly denies access to an Ohioan seeking to challenge governmental action. I dissent.
Victoria E. Ullmann, pro se.
Michael DeWine, Attorney General, and Tiffany L. Carwile and Ryan L. Richardson, Assistant Attorneys General, for appellees Secretary of State Jon A. Husted, Attorney General Michael DeWine, Governor John Kasich, and Auditor of State David Yost.
Organ Cole, L.L.P., Douglas R. Cole, and Joshua M. Feasel; and Squire Patton Boggs, L.L.P., and Aneca E. Lasley, for appellees JobsOhio, JobsOhio Beverage System, and John Minor.