[Cite as *Bank of Am., N.A. v. Smith*, 2018-Ohio-3638.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | APPEAL NO. C-170654<br>TRIAL NO. A-1605443 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | : | *O P I N I O N.* |
| DEMETRIOUS SMITH, a.k.a.<br>DEMETRIOUS Y. SMITH, | : | |
| | : | |
| and | : | |
| | : | |
| AMY K. SMITH, a.k.a. AMY SMITH, | : | |
| | : | |
| Defendants-Appellants, | : | |
| | : | |
| and | : | |
| | : | |
| SPRINGLEAF FINANCIAL SERVICES<br>OHIO, f.k.a. AMERICAN GENERAL<br>FINANCIAL SERVICES, INC., | : | |
| | : | |
| CITY OF CINCINNATI, AN OHIO<br>MUNICIPAL CORPORATION, | : | |
| | : | |
| and | : | |
| | : | |
| STATE OF OHIO, DEPARTMENT OF<br>TAXATION, | : | |
| | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: September 12, 2018

*Manley Deas and Kochalski, LLC, Matthew Richardson* and *Ryan Hemmerle*, for Plaintiff-Appellee,

*Demetrious* and *Amy Smith,* pro se.



**DETERS, Judge.**

{¶1} Defendants-appellants Demetrious and Amy Smith, pro se, appeal the trial court's judgment overruling their objections and adopting the magistrate's decision that denied their motion to dismiss plaintiff-appellee Bank of America, N.A.'s, complaint for foreclosure and granted Bank of America, N.A.'s, motion for a default judgment based upon their failure to answer the complaint.

{¶2} After reviewing the record and the law, we affirm the part of the trial court's judgment overruling the Smiths' motion to dismiss Bank of America, N.A.'s, complaint for lack of standing, but we reverse the part of its judgment granting a default judgment in favor of Bank of America, N.A., and we remand the matter to the trial court for further proceedings.

## Procedural Posture

{¶3} On September 29, 2016, Bank of America, N.A., filed a complaint for foreclosure of the Smiths' residence in Hamilton County, Ohio. In its complaint, Bank of America, N.A., alleged that on June 17, 2002, Demetrious Smith had executed a promissory note made payable to ABN Amro Mortgage Group, Inc., in the principal amount of $100,000. On that same date, Demetrious and Amy Smith had executed a mortgage against the residence to secure the amounts due and owing under the promissory note. The mortgage was subsequently assigned from ABN Amro Mortgage Group, Inc., to LaSalle Bank Midwest National Association by virtue of an assignment of the mortgage recorded on March 18, 2008, and by Bank of America, N.A., successor by merger to LaSalle Bank Midwest National Association, to Bank of America, N.A., by virtue of an assignment of mortgage recorded on August 11, 2016. Bank of America, N.A., attached a copy of the mortgage and the two assignments to its complaint.

{¶4} Bank of America., N.A., also attached a copy of the promissory note to the foreclosure complaint. The promissory note contained two indorsements. The first indorsement was from ABN Amro Mortgage Group, Inc., to LaSalle Bank, N.A., and the second was a blank indorsement from Bank of America, National Association, Successor by Merger to LaSalle Bank, N.A. Bank of America, N.A., alleged that it was entitled to enforce the note.

{¶5} Bank of America, N.A., additionally attached a certificate of merger evidencing the merger of LaSalle Bank National Association and LaSalle Bank Midwest National Association into Bank of America, N.A., effective October 17, 2008.

{¶6} In its complaint, Bank of America, N.A., alleged that Demetrious Smith had defaulted on his repayment obligations under the note and mortgage, and it had accelerated repayment of the note. Bank of America, N.A., alleged that it was not seeking a personal judgment on the promissory note against Demetrious Smith because of a Chapter 13 bankruptcy discharge, but that it was seeking only to enforce its security interest in the property by virtue of the mortgage. Bank of America, N.A., further alleged it was entitled to enforce the note.

{¶7} Additionally, Bank of America, N.A., alleged it was entitled to foreclose on the property and to apply the sale proceeds to the amount due under the note. Bank of America also alleged it was entitled to reform the mortgage to include Amy Smith in the granting clause. Bank of America, N.A., alleged that Amy Smith was a fee simple title holder of the property when the mortgage had been executed and she had signed the mortgage as a borrower, but through mutual mistake she had been left off the granting clause.

{¶8} On October 27, 2016, the Smiths filed a motion to dismiss the bank's complaint pursuant to Civ.R. 12(B)(1), (3) and (6), or alternatively, pursuant to Civ.R.

12(B)(7), to transfer the case to a different venue. On October 30, 2016, the Smiths filed an amended motion to dismiss pursuant to Civ.R. 12(B)(1), (3) and (6), or alternatively, pursuant to Civ.R. 12(B)(7), to transfer the case to a different venue. Bank of America, N.A., filed a memorandum opposing the Smiths' motions.

{¶9}   On December 19, 2016, the Smiths removed the case to the United States District Court for the Southern District of Ohio. On April 21, 2017, the district court remanded the case to the Hamilton County Court of Common Pleas and issued monetary sanctions against the Smiths.

{¶10}   On May 1, 2017, Bank of America, N.A., moved for a default judgment against the Smiths based on their failure to answer the complaint. Bank of America, N.A.'s, motion was supported with an affidavit, along with a copy of the promissory note, the mortgage, the assignment of the mortgage, a demand letter, and the Smiths' payment history. The Smiths filed a memorandum opposing Bank of America, N.A's, motion for a default judgment.   On June 21, 2017, the magistrate issued a decision overruling the Smiths' motion to dismiss and granting Bank of America, N.A.'s, motion for a default judgment based on the Smiths' failure to answer the complaint. In his decision granting the default judgment, the magistrate additionally reviewed the evidence submitted by Bank of America, N.A., and he articulated the standard for granting summary judgment as a secondary basis for granting the default judgment.

{¶11}   The Smiths filed timely objections to the magistrate's decision. The trial court overruled the Smiths' objections, adopted the magistrate's decision, and granted judgment in favor of the bank. The trial court certified its judgment by adding the Civ.R. 54(B) language that "there is no just reason for delay in entering and executing this judgment."

### *Motion to Dismiss*

{¶12}  For ease of discussion, we address the Smiths' assignments of error out of order.  In their fourth assignment of error, the Smiths argue the trial court erred by overruling their motion to dismiss Bank of America, N.A.'s, complaint.

{¶13}  Although the Smiths argued in the trial court that they were entitled to a dismissal of the bank's complaint on multiple grounds, they challenge on appeal only the trial court's denial of their motion on the basis that Bank of America, N.A., had no standing to pursue the in rem foreclosure action against them.

{¶14}  "A determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal stake in the outcome of the action in order to establish standing. Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action * * *, and any judgment on the merits would be subject to reversal on appeal."  [Citation omitted.] *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 23.

{¶15}  In *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 33, the Ohio Supreme Court held that Deutsche Bank had alleged sufficient facts to establish standing to pursue an in rem foreclosure action where in its complaint "Deutsche Bank [had] acknowledged that the bankruptcy court had relieved [the debtor's] obligation on the note, * * * it [had] stated that it was not seeking a personal judgment on the note[,] but was only seeking to enforce its security interest against the property."  Deutsche Bank "had attached to the complaint a valid assignment of the mortgage and a note that referenced that mortgage, and thus 'alleged such a personal stake in the outcome of the controversy that [it is] entitled to have a court hear [its] case.' "  *Id.,* quoting *ProgressOhio.org, Inc. v. JobsOhio,* 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 7.

{¶16} Here, Bank of America, N.A., alleged in its complaint that Demetrious Smith had signed a promissory note, but that it was not seeking a personal judgment against Demetrious Smith due to the bankruptcy discharge. Instead, it was seeking only to enforce its security interest against the property. Bank of America alleged that it was entitled to enforce the note. It attached to the complaint a copy of the promissory note that Demetrious Smith had executed. The note contained two indorsements, which were supported by the merger documentation. The first indorsement was from ABN Amro Mortgage Group, Inc., to LaSalle Bank, N.A., and the second was a blank indorsement from Bank of America, National Association, Successor by Merger to LaSalle Bank, N.A. Bank of America, N.A., also attached a copy of the mortgage that had been signed by Demetrious and Amy Smith, which referenced the promissory note, as well as documents reflecting that Bank of America, N.A., was the assignee of the mortgage.

{¶17} Bank of America, N.A., pleaded sufficient facts to establish its standing to pursue the in rem foreclosure claim against the Smiths. It alleged that it was entitled to enforce the note and that it was the assignee of the mortgage at the time it filed its complaint and it attached to the complaint a valid copy of the assignment of the mortgage and a note that referenced the mortgage and contained a blank indorsement in its name. Thus, the trial court properly denied the Smiths' motion to dismiss on this basis. We, therefore, overrule the fourth assignment of error.

### Default Judgment

{¶18} In their first assignment of error, the Smiths argue the trial court abused its discretion by overruling their objections, adopting the magistrate's decision, and granting a default judgment for Bank of America, N.A.

{¶19} When reviewing a trial court's decision to grant or deny a motion for a default judgment we employ an abuse-of-discretion standard. *Watts v. Fledderman*, 1st Dist. Hamilton No. C-170255, 2018-Ohio-2732, ¶ 36, citing *Huffer v. Cicero*, 107 Ohio App.3d 65, 73, 667 N.E.2d 1031 (4th Dist.1995); *see Mueller v. Hammann*, 1st Dist. Hamilton Nos. C-120799 and C-130231, 2013-Ohio-5098, ¶ 7. Civ.R. 55 provides that a default judgment may be granted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules * * *." Ohio appellate courts have held that "the words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." *Reese v. Proppe*, 3 Ohio App.3d 103, 106, 443 N.E.2d 992 (8th Dist.1981), quoting *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir.1949).

{¶20} The record reflects that even though the Smiths did not file an answer to Bank of America, N.A.'s, complaint, they did appear and "otherwise defend" against the allegations in the complaint by filing a timely motion and amended motion to dismiss and by subsequently removing the case to federal court. *See JPMorgan Chase Bank Natl. Assn. v. Swan*, 6th Dist. Lucas No. L-13-1064, 2014-Ohio-999, ¶ 21; *Equable Ascent Fin. L.L.C. v. Christian*, 196 Ohio App.3d 34, 2011-Ohio-3791, 962 N.E.2d 322, ¶ 6-11 (10th Dist.); *Copeland v. Summit Cty. Probate Court*, 9th Dist. Summit No. 24648, 2009-Ohio-4860, ¶ 7. Pursuant to Civ.R. 12(A)(2), the pendency of the Smiths' motion to dismiss delayed the time in which a responsive pleading (i.e. an answer) was due until 14 days after the magistrate's decision on the motion. Once the magistrate had denied the Smiths' motion to dismiss, Civ.R. 12(A)(2) gave them 14 days to serve a responsive pleading. Thus, the trial court abused its discretion by adopting the magistrate's decision and granting a default judgment to Bank of America, N.A., where

the magistrate, immediately upon denying the motion to dismiss, had granted the motion for default judgment without giving the Smiths the required 14 days to answer.

{¶21} Although the magistrate reviewed the affidavit and exhibits attached to Bank of America, N.A.'s, motion for a default judgment and he additionally stated that Bank of America, N.A., was entitled to a default judgment because it had met the standard set forth in Civ.R. 56, the magistrate's reasoning was erroneous because his review of the evidence was incompatible with the standard for a default judgment set forth in Civ.R. 55, and no motion for summary judgment was pending before the court. *See Stradiot Specialty, Inc. v. Am. Calendar Co., Inc.*, 11th Dist. Lake No. 2004-L-162, 2007-Ohio-3364, ¶ 36; *Fish v. McDougald*, 1st Dist. Hamilton No. C-120832, 2013-Ohio-2328, ¶ 4. As a result, we sustain the Smiths' first assignment of error.

{¶22} Our resolution of the Smiths' first assignment of error has rendered moot their second, third, fifth, sixth, and seventh assignments of error, which challenge Bank of America, N.A.'s, submission of evidence in support of its motion for a default judgment. We, therefore, affirm the part of the trial court's judgment denying the Smiths' motion to dismiss Bank of America, N.A.'s, complaint, but we reverse the part of its judgment granting a default judgment in favor of Bank of America, N.A., and we remand this cause to the trial court for further proceedings consistent with this opinion and the law.

Judgment affirmed in part, reversed in part, and cause remanded.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry this date.