[Cite as *State ex rel. Neilsen v. Tieman*, 2025-Ohio-780.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE EX REL. THOMAS NEILSEN, :

                       Relator-Appellant,     :     Case
No. 24CA4100

                       v.                          :

SCIOTO COUNTY PROSECUTOR,    :    DECISION AND JUDGMENT ENTRY
 SHANE TIEMAN,

                                           :

                       Respondent-Appellee.

_____

APPEARANCES:

Thomas Neilsen, Parker, Colorado, pro se.

Shane A. Tieman, Scioto County Prosecuting Attorney, and
Danielle M. Parker, Scioto County Assistant Prosecuting
Attorney, Portsmouth, Ohio, for appellee.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:3-3-25
ABELE, J.

    **{¶1}** This is an appeal from a Scioto County Common Pleas
Court judgment that dismissed a petition for a writ of mandamus
filed by Thomas Neilsen, relator below and appellant herein,
against the Scioto County Prosecutor, Shane Tieman, respondent
below and appellee herein. Appellant assigns the following
errors for review:

FIRST ASSIGNMENT OF ERROR:

"JUDGE COOPER WAS SIMPLY WRONG WHEN HE FOUND
THAT THE APPELLANT/RELATOR DOES NOT HAVE
GENERAL STANDING TO BRING THIS ACTION.
APPELLANT/RELATOR DOES HAVE STANDING TO
BRING THIS ACTION AND WILL ADDRESS THE
ISSUES RAISED BY JUDGE COOPER IN THE
ARGUMENT."

SECOND ASSIGNMENT OF ERROR:

"JUDGE COOPER DELIBERATELY FAILED TO ADDRESS
RELATOR'S STANDING UNDER THE 'PUBLIC RIGHT
DOCTRINE'.  APPELLANT/RELATOR ABSOLUTELY HAS
STANDING UNDER THE PUBLIC RIGHT DOCTRINE'."

THIRD ASSIGNMENT OF ERROR:

"JUDGE COOPER WAS FLAT WRONG WHEN HE STATED
THAT 'RELATOR HAS FAILED TO PROVE BY CLEAR
AND CONVINCING EVIDENCE THAT THE SCIOTO
PROSECUTOR HAS A CLEAR LEGAL DUTY TO PERFORM
THE REQUESTED ACTS IN THE PETITION.  EITHER
JUDGE COOPER IS WRONG, OR THE JUSTICES FOR
THE UNITED STATES SUPREME COURT ARE WRONG.
THEY HAVE DIFFERENT OPINIONS."

FOURTH ASSIGNMENT OF ERROR:

"JUDGE COOPER AND DANIELLE PARKER'S ANALYSIS
OF *SANDS V. COULSON*, 2021-OHIO-671 IS
MISTAKEN AND MISCONSTRUED."

{¶2} This appeal arises out of appellant's investigation
into the criminal trial of Christina Williams.  In 2010,
Williams was convicted of multiple offenses, including

aggravated murder, aggravated burglary, and aggravated robbery, arising out of the deaths of Gary Markins, Sr. and Nina Mannering. *See State v. Williams*, 2012-Ohio-6083 (4th Dist.). More than ten years later, appellant requested and obtained various public records and other documents pertaining to Williams's criminal trial. After reviewing the documents, appellant notified appellee that he believes that Williams is innocent.

**{¶3}** Appellee subsequently reviewed the case in accordance with Rule 3.8 of the Model Rules of Professional Conduct.[1] After

---

[1] The rule provides in relevant part as follows:

(g) When a prosecutor knows of new, credible and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall:

(1) promptly disclose that evidence to an appropriate court or authority, and

(2) if the conviction was obtained in the prosecutor's jurisdiction,

(I) promptly disclose that evidence to the defendant unless a court authorizes delay, and

(ii) undertake further investigation, or make reasonable efforts to cause an investigation, to determine whether the defendant was convicted of an offense that the defendant did not commit.

appellee reviewed the case, appellee determined that no clear and convincing evidence indicated that Williams had been wrongfully convicted.  Appellee thus notified appellant that appellee would not reopen Williams's case.

**{¶4}**  On July 19, 2024, appellant filed a writ of mandamus that sought to compel appellee to notify the trial court that, in Williams's criminal case, prosecutors submitted perjured testimony, fabricated evidence, and withheld evidence that established Williams's innocence.  Appellant asked the court to order appellee to disclose the perjured testimony, the fabricated evidence and the concealed evidence.  Appellant asserted that "[t]he case against Christina Williams needs to be withdrawn, prosecutors need to be permanently disbarred and every case Pat Apel or Julie Hutchison [the prosecutors involved in Williams's trial] were ever associated with should be

---

(h) When a prosecutor knows of clear and convincing evidence establishing that a defendant in the prosecutor's jurisdiction was convicted of an offense that the defendant did not commit, the prosecutor shall seek to remedy the conviction.

ABA Model R. Prof. Conduct 3.8, available at https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_8_special_responsibilities_of_a_prosecutor/.

5

reexamined to determine if the same nefarious activities that happened in [Williams's] case were present in other cases."

{¶5} Appellee subsequently filed a motion to dismiss appellant's complaint for failing to state a claim upon which relief can be granted. Appellee claimed that appellant lacked standing and could not establish that he is entitled to a writ of mandamus. Regarding standing, appellee asserted that appellant, a Colorado resident, lacks any interest in Williams's criminal case and has not suffered an injury that mandamus can redress. Appellee further argued that mandamus is not an appropriate legal remedy.

{¶6} On September 11, 2024, the trial court granted appellee's motion to dismiss. The court determined that appellant lacked standing and that mandamus is not an appropriate legal remedy. This appeal followed.

I

{¶7} For ease of discussion, we jointly consider appellant's first and second assignments of error. In his first and second assignments of error, appellant asserts that the trial court incorrectly dismissed his petition based upon its determination that he lacked standing to seek a writ of mandamus

against appellee.  Appellant contends that he has taxpayer standing or, alternatively, he has standing under the public-right doctrine.

### A

**{¶8}**  "Appellate courts conduct a de novo review of trial court decisions that grant or deny a Civ.R. 12(B)(6) motion to dismiss."  *Student Doe v. Adkins*, 2021-Ohio-3389, ¶ 17 (4th Dist.), citing *Alexander Local School Dist. Bd. of Edn. v. Albany*, 2017-Ohio-8704, ¶ 22 (4th Dist.); *e.g., Valentine v. Cedar Fair, L.P.*,  2022-Ohio-3710, ¶ 12, citing *Alford v. Collins-McGregor Operating Co.*, 2018-Ohio-8, ¶ 10.  We therefore afford no deference to the trial court's decision, but instead, independently review the trial court's decision.  *Struckman v. Bd. of Edn. of Teays Valley Local School Dist.*, 2017-Ohio-1177, ¶ 18 (4th Dist.).

### B

**{¶9}**  Civ.R. 12(B)(6) allows a party to file a motion to dismiss a complaint for failing to state a claim upon which relief can be granted.  "[A] Civ.R. 12(B)(6) motion to dismiss tests only the sufficiency of the allegations."  *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 9, citing *Assn. for*

*the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989); *accord State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992) (explaining that a Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint).  A court that is considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted must presume that all factual allegations contained in the complaint are true and must construe all reasonable inferences in favor of the nonmoving party.  *E.g., Schirmer v. Mt. Auburn Obstetrics & Gynecologic Assoc., Inc.*, 2006-Ohio-942, ¶ 3, fn.1, citing *Maitland v. Ford Motor Co.*, 2004-Ohio-5717, ¶ 16; *Perez v. Cleveland*, 66 Ohio St.3d 397, 399 (1993).  A trial court may grant a motion to dismiss for failure to state a claim only if it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."  *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus; *e.g., LeRoy v. Allen, Yurasek & Merklin*, 2007-Ohio-3608, ¶ 14; *Maitland v. Ford Motor Co.*, 2004-Ohio-5717, ¶ 11; *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144 (1991).

C

{¶10} To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, that (1) the party has a clear legal right to the requested relief, (2) the respondent has a clear legal duty to provide the requested relief, and (3) the party lacks an adequate remedy in the ordinary course of the law.  *E.g., State ex rel. Waters v. Spaeth*, 2012-Ohio-69, ¶ 6.

{¶11} Furthermore, before a court may consider the merits of a mandamus claim, "'the person or entity seeking relief must establish standing to sue.'"  *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 7, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal*, 2007-Ohio-5024, ¶ 27.  Standing thus "is a threshold question for the court to decide in order for it to adjudicate the action."  *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77 (1998); *see State ex rel. Novak, L.L.P. v. Ambrose*, 2019-Ohio-1329, ¶ 12 ("standing is necessary for justiciability").  Standing "'refers to whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'"  *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 56, quoting *Davet v. Sheehan*, 2014-Ohio-5694, ¶ 22 (8th Dist.); *accord*

9

*Black's Law Dictionary* (11th ed. 2019) ("standing" refers to "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right").  The essential question "is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination.'" *Racing Guild of Ohio, Local 304 v. Ohio State Racing Comm.*, 28 Ohio St.3d 317, 321 (1986), quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962).  "[L]ack of standing vitiates the party's ability to invoke the jurisdiction of a court" to hear an action.  *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 22.  Thus, lack of standing is "a fundamental flaw" that requires "a court to dismiss the action."  *Id.* at ¶ 23; *accord State ex rel. Ames v. Portage Cnty. Bd. of Revision*, 2021-Ohio-4486, ¶ 10 ("A mandamus action brought by a party that lacks standing will be dismissed.").

{¶12} "Under traditional standing principles, a plaintiff must show, at a minimum, that he has suffered '"(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the

requested relief."'" *State ex rel. Walgate v. Kasich*, 2016-Ohio-1176, ¶ 18, quoting *ProgressOhio.org*, 2014-Ohio-2382, at ¶ 7, quoting *Moore v. Middletown*, 2012-Ohio-3897, ¶ 22. "For common-law standing, a party wishing to sue must have a 'direct, personal stake' in the outcome of the case; 'ideological opposition to a program or legislative enactment is not enough.'" *Id.*, quoting *ProgressOhio.org* at ¶ 1.

{¶13} To have standing in a mandamus action, a relator must show that the relator "'would be directly benefitted or injured by a judgment in the case.'" *State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.*, 2019-Ohio-5160, ¶ 9, quoting *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, ¶ 9 (1997). "And the injury must be personal—that is, the plaintiff or relator must suffer particular harm that is different from some general harm suffered by the public at large." *State ex rel. Martens v. Findlay Mun. Court*, 2024-Ohio-5667, ¶ 12, citing *ProgressOhio.org* at ¶ 7, and *State ex rel. Masterson v. Ohio State Racing Comm.*, 162 Ohio St. 366, 368 (1954).

{¶14} In the case at bar, we do not believe that appellant can establish that he has standing to bring a mandamus action that compels appellee to inform the trial court that, in

11

Williams's criminal trial, prosecutors presented perjured testimony, fabricated evidence, and withheld exculpatory evidence.[2]  Granting this type of relief would not directly benefit or injure appellant.  Appellant has no stake in Williams's criminal trial.  He is a citizen of Colorado who apparently took an interest in Williams's case and decided to investigate.  He is not a co-defendant or a party in Williams's criminal case and does not otherwise have a personal stake in the criminal trial.  Appellant thus does not have any personal interest, injury, or harm that is different from some general harm that may have been suffered by the public at large.

{¶15} Moreover, as a general rule, the standing doctrine requires a litigant to assert the litigant's own rights, not the rights of third parties.  *See N. Canton v. Canton*, 2007-Ohio-4005, ¶ 14.  In certain circumstances, however, a third party may have standing to assert the rights of another.  *Util. Serv. Partners, Inc. v. Pub. Util. Comm.*, 2009-Ohio-6764, ¶ 49, citing *Kowalski v. Tesmer*, 543 U.S. 125, 129-130 (2004).  Courts do not view third-party standing with favor, however.  *Kowalski* at 130.

---

[2] Because this matter originates from a motion to dismiss, we must presume the truth of the factual allegations contained in appellant's mandamus petition.

A court may nevertheless grant a third party standing when the party "(I) suffers its own injury in fact; (ii) possesses a sufficiently '"close" relationship with the person who possesses the right'; and (iii) shows some 'hindrance' that stands in the way of the claimant seeking relief." *E. Liverpool v. Columbiana Cty. Budget Comm.*, 2007-Ohio-3759, ¶ 22, quoting *Kowalski* at 130.

**{¶16}** In the case sub judice, appellant did not suffer an injury in fact, nothing suggests he shares a close relationship with Williams, and nothing indicates that some hindrance exists to prevent Williams from seeking relief as may be appropriate. Because nothing appears to prohibit Williams from asserting her own rights, appellant does not have any legal right to assert any right that Williams may have in asking the prosecutor to inform the court that, in her criminal case, prosecutors presented perjured testimony, fabricated evidence, and withheld exculpatory evidence. *See N. Canton*, 2007-Ohio-4005, at ¶ 17 (litigant did not have any legal right to assert the equal protection rights of a third party when nothing prohibited the third party from asserting its own rights).

**{¶17}** Appellant further contends that he has standing under

13

the public-right doctrine.  The Ohio Supreme Court, however,

recently overruled the case that recognized this doctrine, *State*

*ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d

451 (1999), and no longer permits parties to assert the public-

right doctrine as a means to "bypass" the standing requirement.

*See State ex rel. Martens*, 2024-Ohio-5667, at ¶ 23 (overruling

*Sheward* and holding that litigants no longer may rely on *Sheward*

"to bypass our well-established standing requirement").

**{¶18}** Furthermore, appellant's claim that he has "taxpayer

standing" likewise has no merit.  As the court explained in

*State ex rel. Martens*,

> [u]nder Ohio's taxpayer-lawsuit provisions, a taxpayer
> may file an action on "behalf of a municipal
> corporation," R.C. 733.59, or in "the name of the state,"
> R.C. 309.13, if the government fails to pursue a lawsuit
> after a written request from the taxpayer.  In such
> cases, the standing requirement is satisfied because the
> municipal corporation or the state is the actual party
> in interest and the General Assembly has explicitly
> given the taxpayer authority to sue on the government's
> behalf.  Ohio has recognized such actions for over 150
> years.  *See* Act of Mar. 3, 1860, Section 13, 57 Ohio
> Laws 16, 18 (precursor to R.C. 733.59).  "In the absence
> of statutory authority, however, a taxpayer lacks legal
> capacity to institute a taxpayer action unless he has
> some special interest in the public funds at issue."
> *State ex rel. Dann v. Taft*, 110 Ohio St.3d 1, 2006-Ohio-
> 2947, 850 N.E.2d 27, ¶ 13, citing *Masterson* at paragraph
> one of the syllabus.

*Id.* at ¶ 24.

{¶19} In the case sub judice, appellant did not allege a special interest in the public funds at issue, and did not cite any statutory authority to authorize him to bring a taxpayer suit in this case. Therefore, appellant has not established taxpayer standing. *See id.* at ¶ 25. Consequently, we do not agree with appellant that the trial court incorrectly dismissed his mandamus petition based upon a lack of standing.

{¶20} Accordingly, based upon the foregoing reasons, we overrule appellant's first and second assignments of error.

II

{¶21} For ease of discussion, we jointly consider appellant's third and fourth assignments of error.

{¶22} In his third assignment of error, appellant asserts that United States Supreme Court precedent required the trial court to issue his requested writ and order the prosecutor to "'correct the perjured testimony' and 'set the record straight.'" He contends that United States Supreme Court precedent requires prosecutors to correct perjured testimony, admit when prosecutors fabricate evidence, and disclose favorable evidence to the accused.

{¶23} In his fourth assignment of error, appellant asserts that the trial court improperly determined that *State ex rel. Sands v. Coulson*, 2021-Ohio-671, forecloses the relief that appellant requested in his writ of mandamus. Appellant argues that unlike *Sands*, his mandamus petition did not ask the court to order appellee to vacate Williams's conviction. Instead, he asked the court to compel appellee to correct the allegedly perjured testimony and to "set the record straight."

{¶24} We believe that our disposition of appellant's first and second assignments of error renders his third and fourth assignments of error moot. Because appellant cannot establish the threshold issue of standing to pursue mandamus relief, whether his complaint adequately alleges his entitlement to that relief is a moot issue. *See State ex rel. Cincinnati Enquirer v. Hunter*, 2014-Ohio-5457, ¶ 4, quoting *In re L.W.*, 2006-Ohio-644, ¶ 11 (10th Dist.), quoting *Grove City v. Clark*, 2002-Ohio-4549, ¶ 11 (10th Dist.), quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist.1948), quoting Borchard, *Declaratory Judgments*, 2d Ed., page 35 (explaining that issues are moot "'"'"when they are or have become fictitious, colorable, hypothetical, academic or dead"'"'"); *State v. Moore*, 2015-Ohio-

2090, ¶ 6 and 7 (4th Dist.) ("The principle of "judicial restraint" mandates that Ohio courts should not exercise jurisdiction over questions of law that have been rendered moot."). We therefore do not address appellant's third and fourth assignments of error. *See* App.R. 12(A)(1)(c).

{¶25} Accordingly, based upon the foregoing reasons, we overrule appellant's third and fourth assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the appeal be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                              Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.