**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ullmann v. Husted,* Slip Opinion No. 2016-Ohio-5584.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5584

THE STATE EX REL. ULLMANN, APPELLANT, *v.* HUSTED ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ullmann v. Husted,* Slip Opinion No. 2016-Ohio-5584.]**

*Standing—Constitutionality of JobsOhio Act, R.C. 187.01 et seq. and 4313.01 et seq.—Plaintiff lacked standing under public-right doctrine to bring mandamus action challenging act because she failed to allege rare and extraordinary issue that threatens serious public injury—Court of appeals' dismissal of action affirmed.*

(No. 2015-1548—Submitted May 3, 2016—Decided August 31, 2016.)

APPEAL from the Court of Appeals for Franklin County,

No. 14AP-863, 2015-Ohio-3120.

_____

**Per Curiam.**

{¶ 1} We affirm the Franklin County Court of Appeals' dismissal of the mandamus action filed by relator-appellant, Victoria Ullmann, challenging the

constitutionality of the JobsOhio Act, R.C. 187.01 et seq. and 4313.01 et seq., and seeking other, related relief. Ullmann, who was counsel and then amicus curiae in previous cases involving the same issue, filed this action on her own behalf. Because she lacks standing to proceed, we affirm the judgment of the court of appeals.

**Facts and Procedural History**

{¶ 2} The JobsOhio Act authorized the creation of a nonprofit corporation, respondent-appellee JobsOhio, for "the purposes of promoting economic development, job creation, job retention, job training, and the recruitment of business" to Ohio. R.C. 187.01. Ullmann requests a declaration that the JobsOhio Act is unconstitutional in its entirety and that JobsOhio's incorporation is void ab initio. She also requests that respondent-appellee Secretary of State Jon A. Husted be ordered to cancel the filing of JobsOhio's articles of incorporation.

{¶ 3} Ullmann alleges that JobsOhio is "funded by the profits of [respondent-appellee the JobsOhio Beverage System,] the state of Ohio's wholesale liquor business" and that "any citizen who purchases spirituous liquor in the state is forced to support JobsOhio or travel out of state to make the purchase." Therefore, she requests that R.C. 4313.01 et seq., which provides for the funding of JobsOhio, be declared unconstitutional in its entirety, that the JobsOhio Beverage System be declared void ab initio, and that the secretary of state be ordered to cancel all the corporate documents that the Beverage System has filed in his office. She also requests that respondent-appellee Governor John Kasich be ordered to undertake actions necessary to dissolve JobsOhio and the Beverage System as corporate entities and to transfer back to the state all property in their possession. She further requests that respondent-appellee Auditor of State David Yost be ordered to audit all the state's assets that are in the possession of JobsOhio and the Beverage System. Finally, Ullmann requests that respondent-appellee Attorney General Michael DeWine be ordered to appoint her "retroactively as special

2

counsel in order to pay her attorney fees for this action" or "to proceed against JobsOhio in *quo warranto* or [in] any other action that is necessary to dissolve JobsOhio."

**{¶ 4}** In the court of appeals, respondents filed motions to dismiss Ullmann's complaint. The motions were referred to a magistrate, who recommended that the court of appeals dismiss the action for lack of standing.

**{¶ 5}** Ullmann objected to the magistrate's decision. In August 2015, the court of appeals issued a decision and judgment entry, agreeing with the magistrate on the standing issue and dismissing her complaint. 2015-Ohio-3120, ¶ 18. Ullmann filed a notice of appeal in this court.

## Analysis

### *Oral argument*

**{¶ 6}** Ullmann has filed a motion requesting oral argument in this case. Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). In exercising this discretion, we determine whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 16, citing *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 4, and the cases cited therein.

**{¶ 7}** If this were the first time that the standing issue in this appeal was being presented before this court, the issue might merit oral argument. But because, as explained below, we have previously decided the same standing issue, we deny Ullmann's request for oral argument. *See ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101.

### *Standing*

**{¶ 8}** Before Ullmann can attempt to show that she satisfies the requirements for a writ of mandamus, she must prove that she has standing to sue. *Id.* at ¶ 7, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire*

*Marshal*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. Traditional standing "require[s] litigants to show, at a minimum, that they have suffered '(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.' " *Id.*, quoting *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22. "Standing does not depend on the merits of the plaintiff's claim." *Id.*, citing *Moore* at ¶ 23. "Rather, standing depends on whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case." *Id.*, citing *Clifton v. Blanchester*, 131 Ohio St.3d 287, 2012-Ohio-780, 964 N.E.2d 414, ¶ 15, and *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 178-179, 298 N.E.2d 515 (1973).

**{¶ 9}** In *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 715 N.E.2d 1062 (1999), we articulated an exception to the personal-stake requirement of traditional standing: "[W]hen the issues sought to be litigated are of great importance and interest to the public, they may be resolved in a form of action that involves no rights or obligations peculiar to named parties." *Id.* at 471. To qualify for standing under this public-right doctrine, "a litigant must allege 'rare and extraordinary' issues that threaten serious public injury * * *. Not all allegedly illegal or unconstitutional government actions rise to this level of importance." *ProgressOhio.org* at ¶ 9, quoting *Sheward* at 504.

**{¶ 10}** Ullmann's complaint asserts that she has standing to bring this action "as a citizen, taxpayer,[1] business owner, business consultant, * * * elector of the state of Ohio," and person who has purchased spirits from an Ohio liquor store in the previous six months. The complaint also asserts standing under the public-right doctrine, citing *ProgressOhio.org*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13

---

[1] Ullmann does not develop a distinct claim of taxpayer standing, either in her complaint or in her brief to this court. Therefore, we do not separately consider taxpayer standing as a distinct basis for her to bring this action.

N.E.3d 1101, for the proposition that such standing "can only be raised in an action for an extraordinary writ."

{¶ 11} In the court of appeals, Ullmann asserted that she has traditional standing and, in the alternative, that she has standing under the public-right doctrine. The magistrate's decision, which the court of appeals adopted as its own, separately discussed and rejected each of the grounds that Ullmann asserted for traditional standing to bring this action. Despite several paragraphs in her complaint devoted to reasons why she might have traditional standing, Ullmann's brief before this court states that she

> made an argument that she has personal standing in an attempt to be appointed to proceed in quo warranto and that would be a form of personal standing. But she wants that appointment to ensure that the public is protected and the quo warranto is litigated if that must be filed in order to invalidate JobsOhio. This is a public interest case.

In other words, Ullmann waives any argument that she has traditional standing except insofar as she might be appointed as special counsel to proceed in an action seeking the dissolution of JobsOhio. Moreover, even if she had made such arguments in her brief, she alleged no concrete injury sufficient to justify traditional standing.

{¶ 12} We recently considered the public-right doctrine in *ProgressOhio.org*, which, like this case, concerned a constitutional challenge to the JobsOhio Act. The plaintiffs in *ProgressOhio.org* asserted standing under the public-right doctrine, and this court articulated two reasons for rejecting that claim. First, we noted that the plaintiffs' action was a declaratory-judgment action, whereas the public-right doctrine applies only to original actions in mandamus and/or prohibition. *Id.* at ¶ 10. Second, we noted that even assuming *Sheward*

applied to their case, the plaintiffs in *ProgressOhio.org* did "not show the type of rare and extraordinary public-interest issue required by *Sheward*." *Id.* at ¶ 12.

**{¶ 13}** While she has filed a mandamus action in this case, Ullmann once again challenges the constitutionality of the JobsOhio legislation and seeks to invalidate its provisions. Citing *State ex rel. Trauger v. Nash*, 66 Ohio St. 612, 64 N.E. 558 (1902), Ullmann asserts that a private party has standing under the public-right doctrine to seek to force the attorney general to act when a conflict of interest prevents him or her from doing so. However, in *Trauger*, the private citizen's mandamus action alleged that the governor had failed to fulfill his statutory duty to appoint an elector to fill a vacancy in the office of lieutenant governor. Here, Ullmann alleges that R.C. 2733.04 imposes upon the attorney general the duty to file an action in quo warranto. That provision states, "When * * * [the attorney general] has good reason to believe that [a quo warranto case] can be established by proof, he shall commence such action." Under R.C. 2733.04, then, the attorney general's duty is subject to his discretion in determining whether an action in quo warranto can be established by proof. Therefore, *Trauger* does not support Ullmann's assertion of standing under the public-right doctrine.

**{¶ 14}** The other arguments that Ullmann offers in support of her assertion of standing under the public-right doctrine are similar to those made in *ProgressOhio.org*. As we determined in *ProgressOhio*, those arguments are insufficient to establish standing under the public-right doctrine. We see no reason to revisit that decision here.

### Conclusion

**{¶ 15}** Ullmann lacks standing under the public-right doctrine as articulated in *Sheward* and *Trauger*. Therefore, the court of appeals correctly dismissed this action.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL and LANZINGER, JJ., concur.

6

PFEIFER, KENNEDY, and FRENCH, JJ., concur in judgment only.

O'NEILL, J., dissents, with an opinion.

_____

**O'NEILL, J., dissenting.**

{¶ 16} I respectfully dissent. Without analyzing the substance of the claim asserted by appellant, Victoria Ullmann, I would hold that Ullmann has standing under the public-right doctrine as articulated in *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, and *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 715 N.E.2d 1062 (1999). The diversion of public funds into a closely held and secret organization for distribution to friends and allies is a truly rare and extraordinary issue worthy of scrutiny by the Supreme Court of Ohio.

{¶ 17} To qualify for standing under the public-right doctrine, a petitioner must allege " 'rare and extraordinary' issues that threaten serious public injury." *ProgressOhio.org* at ¶ 9, quoting *Sheward* at 504. *ProgressOhio.org* narrowed the public-right doctrine to apply only to original actions in mandamus and/or prohibition. *ProgressOhio.org* at ¶ 10. In so doing, this court closed the courthouse doors to the plaintiffs in *ProgressOhio.org*, because their action was a declaratory-judgment action filed in common pleas court. *Id.* As Justice Pfeifer observed in his dissenting opinion, this court's decision in *ProgressOhio.org* begs the question: What person or entity would have the requisite standing and inclination to bring a claim challenging the constitutionality of the JobsOhio Act? *Id.* at ¶ 52 (Pfeifer, J., dissenting, joined by O'Neill, J.).

{¶ 18} Here, the majority acknowledges that Ullmann has filed an original action. Nonetheless, without any analysis whatsoever of whether this case alleges rare and extraordinary issues that threaten public injury, the majority has once again announced that individual citizens like Ullmann have no access to the courts. Instead, the majority abandons the standing analysis and declares with judicial

imperiousness that mere citizens have no standing to challenge their government's decision to turn an entire division of state government into a private enterprise that is funded with public money and is not even under the scrutiny of the state auditor.

{¶ 19} The fact that the plain language of R.C. 2733.04 confers discretion on the attorney general to commence an action in quo warranto is irrelevant to Ullmann's standing to bring the claim.

{¶ 20} As a majority of this court finds yet another petitioner unworthy to challenge JobsOhio, the question Justice Pfeifer raised in his dissenting opinion in *ProgressOhio.org* looms. Who has standing? Regardless of the merits of her claim, I would hold that Ullmann has standing to bring this action. Standing is not an urban legend, a myth, or a mere concept. It is a means to access government. The majority's decision in this case unjustly denies access to an Ohioan seeking to challenge governmental action. I dissent.

———————————

Victoria E. Ullmann, pro se.

Michael DeWine, Attorney General, and Tiffany L. Carwile and Ryan L. Richardson, Assistant Attorneys General, for appellees Secretary of State Jon A. Husted, Attorney General Michael DeWine, Governor John Kasich, and Auditor of State David Yost.

Organ Cole L.L.P., Douglas R. Cole, and Joshua M. Feasel; and Squire Patton Boggs, L.L.P., and Aneca E. Lasley, for appellees JobsOhio, JobsOhio Beverage System, and John Minor.

———————————