[Cite as *State v. Sylvester*, 2022-Ohio-3798.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 21AP-530 (C.P.C. No. 20CR-3727) |
| Kareem J. Sylvester, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 25, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Bellinger & Donahue,* and *Kerry M. Donahue*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Kareem J. Sylvester, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a guilty plea entered by appellant on August 17, 2021 in which he pled guilty to one count of aggravated burglary, in violation of R.C. 2911.11, a felony of the first degree, and one count of abduction, in violation of R.C. 2905.02, a felony of the third degree. On September 20, 2021, the trial court issued a judgment entry which reflected the guilty plea and imposed an aggregate prison sentence of 10-12 years. (Sept. 16, 2021 Jgmt. Entry.) For the reasons that follow, we reverse the judgment of the trial court.

## I.  Facts and Procedural History

{¶ 2}  On August 13, 2020, appellant was indicted by the Franklin County Grand Jury on two counts: one count of aggravated burglary in violation of R.C. 2911.11, a felony of the first degree, and one count of kidnapping in violation of R.C. 2905.01, a felony of the first degree.  On August 18, 2020 an arraignment was held where appellant entered a general plea of not guilty and bond was set.  The matter was then scheduled for trial.

{¶ 3}  On August 16, 2021, the case proceeded to trial.  The following day, appellant changed his previously entered not guilty plea to a plea of guilty to Count 1, aggravated burglary, a felony of the first degree, and a lesser included offense of Count 2, abduction, a felony of the third degree.  The parties entered into a jointly recommended sentence that stated on the plea form "[a] 4 years and 9 month[s] ODRC sanction.  State will no[t] object to Judicial release after 1 year into the CBCF program, provided the defendant has a good ISR." (Entry of Guilty Plea at 1.)  The court accepted appellant's plea and set the matter for a sentencing hearing on September 16, 2021.  The court further advised appellant that although there was a joint recommended sentence, should he fail to appear for sentencing, the court would not be inclined to follow the joint recommendation.  (Aug. 17, 2021 Tr. at 15.)

{¶ 4}  At the plea hearing, the facts as recited by counsel for the plaintiff-appellee, State of Ohio, were as follows:

> On Friday, July, 17th of 2020, Madison Township officers were dispatched on a report of domestic violence. The victim, [D.C.], advised that her ex-boyfriend, the defendant, Kareem Sylvester - - who she has a child in common, kicked in her side door of her residence [on] Noe Bixby Road, Columbus, Franklin County, Ohio.
>
> [D.C.] stated this started Thursday, July 16th, at approximately midnight.  He came into the house, turned over the kitchen table and shattered the oven door, picked up chairs and threw them at the victim and then hit the victim with closed fists in her head, face and torso.  The defendant also hit the victim in her torso with a broom multiple times.  And when she yelled, he told her to be quite [sic] as to not wake their son.  The defendant strangled the victim.  And as she kicked him off, he then attempted to suffocate her with the couch cushions.  He grabbed her by the hair and drug her through the house.

> He then made her clean up the mess in the kitchen. She went to get a drink of water and she sat down. This upset the defendant and he grabbed a container of Cheese Puffs from the top of her refrigerator and stuffed them in her mouth, choking her, forcing her to eat the whole container.
>
> The defendant told her she better not touch the doors or her phone or he would kill her. And he also told her if she told anyone what happened, he would get out in three days and kill her.
>
> The next morning, the victim was able to get away from the defendant when she stated she had to go to work that day. She left, did report to work, got her child to safety and then went to the hospital.
>
> All of this happened in Franklin County, State of Ohio.

(Aug. 17, 2021 Tr. at 4-5.)

{¶ 5} On September 16, 2021 when the case was called at 10:05 a.m., appellant was initially not present at court. (Sept. 16, 2021 Tr. at 2-3.) Appellant's trial counsel advised the court that he had gone looking for appellant at about ten or fifteen after 9:00 a.m. and that he found him outside.[1] *Id.* at 2. Appellant's trial counsel further advised the court that appellant had told him he no longer wanted his representation, and that counsel would be seeking to withdraw. *Id.* at 3-4. Trial counsel for the state then made a statement that the victim was present and had a written statement to present. Counsel for the state further advised the court that it was "no longer beholden to the joint recommendation." *Id.* at 4-5. The trial court then issued a capias for appellant. *Id.* at 5. After a brief conversation between the trial court and defense counsel regarding attempting to contact appellant to advise him to turn himself in, at 10:09 a.m., the trial court adjourned the proceedings. *Id.* at 5-6.

{¶ 6} At 10:26 a.m., the proceedings continued with appellant present in the courtroom. The transcript reveals, however, that appellant refused to approach the counsel table as requested by the trial court. *Id.* at 6-7. After being ordered by the trial court several times to come up to the counsel table, and refusing each time to do so, the court ordered

---

[1] It is not clear from the transcript whether "outside" means outside the courtroom in the hallway or outside the courthouse entirely.

appellant be taken into custody and the proceedings again adjourned at 10:30 a.m.  *Id.* at 7-8.

{¶ 7}   At approximately 11:30 a.m., the proceedings continued with appellant present in the courtroom.  *Id.* at 8.  Upon being questioned by the trial court, appellant confirmed he wanted to terminate his defense counsel's representation of him. *Id.* Appellant further confirmed that he wished to represent himself at the sentencing hearing. *Id.* at 9.  The trial court then permitted appellant's trial counsel to withdraw from further representation. *Id.* at 10.

{¶ 8}   The transcript reveals that the trial court proceeded to explain the purpose of the sentencing hearing and that appellant had the right and ability to present information to the court "about why I should lean towards the lower sentence versus a higher sentence." *Id.* at 11.  The trial court permitted appellant to obtain a folder of documents he had brought with him to the hearing and appellant indicated he understood the purposes of the sentencing hearing. *Id.* at 12-13.  The trial court then stated that the hearing would proceed, and appellant would be permitted to represent himself for purposes of the sentencing hearing.  *Id.* at 14.

{¶ 9}   Trial counsel for the state indicated that the victim, [D.C.] was present and wished to make a statement, and the victim's written statement was read on her behalf by a victim advocate.  *Id.* at 14-15.  Amongst other things, [D.C.] stated that "[f]our years nine months is not enough.  It's not enough for what you did to me.  It's not enough for what you continue to do." *Id.* at 18.

{¶ 10} The trial court then gave appellant the opportunity to speak and give mitigation on his behalf.  *Id.* at 19-20.  Appellant made a lengthy series of statements that the trial court interpreted as an oral motion to withdraw his guilty plea.  *Id.* at 20-24.  After reviewing the factors to be considered on a motion to withdraw a guilty plea, the trial court overruled the motion.  *Id.* at 24-29.

{¶ 11} After some additional discussion, the trial court sentenced appellant to 8 years on Count 1 and 24 months on Count 2 to run consecutively.  *Id.* at 31.  The trial court recognized an aggregate indefinite sentence of 10-12 years due to the crime being a violation

of the Reagan Tokes Act.[2] (*Id.*; Sept. 20, 2021 Jgmt. Entry at 1.)  The transcript shows that the trial court concluded the hearing without placing any findings on the record pertaining to the imposition of consecutive sentences.  (Sept. 16, 2021 Tr. at 32-34.)

{¶ 12}  This timely appeal followed, and each of the parties filed an opening brief. Appellant's opening brief consisted of five assignments of error, four of which pertained to the constitutionality of the Reagan Tokes Act.  On May 12, 2022, appellant's previous appellate counsel was permitted to withdraw, and new counsel was appointed to represent appellant.  (May 12, 2022 Journal Entry.)  Appellant was subsequently granted leave to file a supplemental brief instanter, wherein he asserted three additional purported assignments of error.  (June 10, 2022 Journal Entry; June 6, 2022 Supp. Brief.)

{¶ 13}  On September 13, 2022, this court issued a stay, sua sponte, based upon the four assignments of error pertaining to the constitutionality of the Reagan Tokes Act.  (Sept. 13, 2022 Journal Entry.)  On September 28, 2022 appellant was granted leave to withdraw these four assignments of error, and this court issued an order lifting the stay on the same day and returned the matter to the docket.  (Sept. 28, 2022 Journal Entry.)  The parties jointly waived oral argument on September 29, 2022.  (Sept. 29, 2022 Not. of Joint Waiver of Oral Argument.)

{¶ 14}  This matter is now submitted to the court on the briefs.

**II. Assignments of Error**

{¶ 15}  Appellant asserts the following original assignment of error and three supplemental assignments of error for our review:

> [I.]  The record does not support the trial court's imposition of consecutive sentences as the court failed to make any of the required findings under R.C. 2929.14(C)(4) as mandated the [sic] Ohio Supreme Court in *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177.
>
> [Supp. I.]    The lower court committed error when it failed to provide an indigent defendant with competent counsel to represent him at sentencing.

---

[2] Pursuant to the consecutive sentencing provisions under R.C. 2929.144(A)(2), the aggregate indefinite sentence was required to be 10-14 years.  The state, however, did not appeal this error.

[Supp. II.]  The sentence of the court violated the spirit of the plea agreement.

[Supp. III.]  The sentence of the car [sic] was so far in excess of the agreed sentence as to amount to cruel and unusual punishment based on the circumstances.

## III.  Discussion

### A.  Assignment of Error I

{¶ 16} In his first assignment of error, appellant asserts the trial court erred in ordering him to serve consecutive sentences.  We agree.

{¶ 17} We begin our discussion by observing that pursuant to R.C. 2953.08(G)(2), an appellate court will reverse a trial court's sentencing decision "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.  This court must "look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law." *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 4.

{¶ 18} " 'Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently.' " *State v. Guy*, 10th Dist. No. 17AP-322, 2018-Ohio-4836, ¶ 56, quoting *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A).  A trial court may, in its discretion, impose consecutive sentences for multiple prison terms pursuant to R.C. 2929.14(C)(4). *Id.* Before imposing consecutive sentences, the trial court must find that: (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).  Thus, pursuant to R.C. 2929.14(C)(4), in order to impose consecutive terms of imprisonment, a trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime *or* to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b) or (c) applies. *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 19} In *Bonnell*, the Supreme Court of Ohio held that a trial court seeking to impose consecutive sentences must make the findings required by R.C. 2929.14(C)(4) "at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."  *Bonnell* at syllabus.  Nor is the trial court "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."  *Id*. at ¶ 37.  "[A] word-for-word recitation of the language of the statute is not required," and "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."  *Id*. at ¶ 29.

{¶ 20} "In determining whether the trial court engaged in the correct analysis, an appellate court 'may liberally review the entirety of the sentencing transcript to discern whether the trial court made the requisite findings.' "  *State v. Hairston*, 10th Dist. No. 17AP-416, 2017-Ohio-8719, ¶ 8, quoting *State v. Stephen*, 7th Dist. No. 14 BE 0037, 2016-Ohio-4803, ¶ 22.  Furthermore, "once the trial court makes the factual findings required by R.C. 2929.14(C)(4), an appellate court may overturn the imposition of consecutive sentences only if it finds, clearly and convincingly, that the record does not support the

sentencing court's findings or that the sentence is otherwise contrary to law." *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 22.

{¶ 21} Here, the state concedes the trial court erred in imposing consecutive sentences without making the requisite findings under R.C. 2929.14(C)(4), and we agree that it was error to impose consecutive sentences on appellant in the absence of making these findings at the sentencing hearing. Furthermore, although appellant urges us to remand for a full de novo sentencing with instructions to give the sentence originally jointly recommended by the parties, we decline to do so for the following reasons.

{¶ 22} First, the record is clear that at the plea hearing the trial court admonished appellant that if he failed to appear for the sentencing hearing the trial court would not be inclined to follow the jointly recommended sentence. (Aug. 17, 2021 Tr. at 15.) The record is equally clear that when appellant was called on September 16, 2021 for his sentencing hearing, he was not present. (Sept. 16, 2021 Tr. at 2-3.) Although appellant eventually appeared, the fact remains he was not present when he was mandated to be so.

{¶ 23} Moreover, a trial court is "not bound by a jointly recommended sentence" in any event. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. Accordingly, the trial court's ultimate sentencing decision was a matter within its discretion and does not establish bias or prejudice. *See In re Disqualification of Economus,* 74 Ohio St.3d 1230, 1231 (1991) (judge's refusal to accept plea agreement is not grounds for disqualification).

{¶ 24} Therefore, we further find the appropriate remedy in this case is a limited remand to address whether the findings under R.C. 2929.14(C)(4) support consecutive sentences and appellant's first assignment of error is sustained.

## B. Supplemental Assignments of Error I, II, and III

{¶ 25} We have already determined that the trial court erred in imposing consecutive sentences without making the findings required under R.C. 2929.14(C)(4). Thus, as discussed above, the matter must be remanded to the trial court for resentencing on the issue of consecutive sentences in any event.

{¶ 26} Accordingly, we overrule each of appellant's three supplemental assignments of error as being moot.

## IV. Disposition

{¶ 27} Based on the foregoing, appellant's first assignment of error is sustained, and his first, second, and third supplemental assignments of error are overruled as moot. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

SADLER and MᶜGRATH, JJ., concur.