**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. AWMS Water Solutions, L.L.C. v. Mertz*, Slip Opinion No. 2024-Ohio-200.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-200

THE STATE EX REL. AWMS WATER SOLUTIONS, L.L.C., ET AL.,
APPELLANTS, *v*. MERTZ, DIRECTOR, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. AWMS Water Solutions, L.L.C. v. Mertz*, Slip Opinion No. 2024-Ohio-200.]**

*Oil and gas—Regulatory takings—Court of appeals did not comply with remand order to weigh parties' evidence in deciding whether state's suspension of operations at private company's saltwater-injection well constituted a total or partial government taking of property—Court of appeals violated law-of-the-case doctrine by deciding that a private company lacks a cognizable property interest in its leasehold right to operate saltwater-injection well—Judgment reversed and cause remanded.*

(No. 2023-0125—Submitted October 24, 2023—Decided January 24, 2024.)

APPEAL from the Court of Appeals for Trumbull County, No. 2016-T-0085,
2022-Ohio-4571.

_____

**Per Curiam.**

**{¶ 1}** Appellants, AWMS Water Solutions, L.L.C., AWMS Holdings, L.L.C., and AWMS Rt. 169, L.L.C. (collectively, "AWMS"), sought a writ of mandamus in the Eleventh District Court of Appeals to compel appellees, the Ohio Department of Natural Resources ("ODNR"), ODNR's director, Mary Mertz, the ODNR Division of Oil and Gas Resources Management ("the division"), and the division's chief, Eric Vendel (collectively, "the state"), to initiate property-appropriation proceedings on the theory that the state had effectuated a regulatory taking of AWMS's property. In an earlier appeal, we reversed the court of appeals' grant of summary judgment in favor of the state and remanded the case to the court of appeals with directions to weigh the parties' evidence relating to AWMS's total-takings and partial-takings claims. *State ex rel. AWMS Water Solutions, L.L.C. v. Mertz*, 162 Ohio St.3d 400, 2020-Ohio-5482, 165 N.E.3d 1167, ¶ 2, 88-89 ("*AWMS*").

**{¶ 2}** On remand, the court of appeals held a nine-day trial. After the parties submitted written closing arguments and supplemental briefing, the court of appeals again ruled in favor of the state and denied the writ. This time, the court of appeals held that AWMS did not have a cognizable property interest for purposes of a takings analysis. AWMS has appealed again and requested oral argument.

**{¶ 3}** We reverse the judgment because the court of appeals did not comply with our remand order to weigh the parties' evidence in deciding the total- and partial-takings claims. We deny the request for oral argument and remand the case to the court of appeals with instructions to perform the analysis we ordered in *AWMS*.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Prior Proceedings

**{¶ 4}** Our opinion in *AWMS* recites the factual background giving rise to this appeal. *See AWMS*, 162 Ohio St.3d 400, 2020-Ohio-5482, 165 N.E.3d 1167, at ¶ 3-19. The following is a condensed version of the facts relevant to this appeal.

*1. AWMS obtains permits to drill and inject wells, earthquakes ensue, and the division suspends one of AWMS's wells*

**{¶ 5}** In December 2011, AWMS, a disposer of waste from oil-and-gas production and drilling sites, secured a leasehold right to operate one or more Class II saltwater-injection wells[1] on 5.2 acres of industrial property in Weathersfield Township, Trumbull County, Ohio. That same month, AWMS applied to the division for permits to construct and operate two wells on the site: well #1 and well #2.

**{¶ 6}** About a week after AWMS applied for its permits, a 4.0-magnitude earthquake was recorded near an injection well located a few miles from AWMS's Weathersfield Township leasehold. This event was felt by over 4,000 people in parts of northeastern Ohio, western Pennsylvania, and Ontario, Canada. Immediately after the earthquake, former governor John Kasich imposed a moratorium on certain well-injection activities, which delayed the processing of AWMS's permits. The division eventually authorized AWMS to drill wells #1 and #2 in July 2013. AWMS spent approximately $5.6 million constructing its facilities, which included the costs of infrastructure, drilling, tanks, pumps, installation, and start-up.

---

1. A Class II saltwater-injection well is "constructed and used for the sole purpose of disposing of saltwater, a byproduct of oil and natural gas production. A saltwater injection well is constructed to isolate the injected fluid in a specific formation and prevent contamination of freshwater." Ohio Department of Natural Resources, *Injection Wells*, https://ohiodnr.gov/business-and-industry/energy-resources/injection-wells (accessed Nov. 16, 2023) [https://perma.cc/DF2Z-MASG].

**{¶ 7}** In March 2014, the division authorized AWMS to commence injections into both wells. Four months later, a 1.7-magnitude earthquake was recorded near well #2, and a month after that, a 2.1-magnitude earthquake was recorded in the same area. Following the second earthquake in 2014, the division ordered AWMS to suspend operations at wells #1 and #2, stating that the 2014 earthquakes were related to AWMS's operations. The division later lifted its suspension of operations at well #1 but left the suspension of operations at well #2 in place.

### 2. AWMS's mandamus action

**{¶ 8}** In August 2016, AWMS filed a petition for a writ of mandamus in the Eleventh District to compel the state to commence property-appropriation proceedings. *See State ex rel. Wasserman v. Fremont*, 140 Ohio St.3d 471, 2014-Ohio-2962, 20 N.E.3d 664, ¶ 22 (mandamus is the appropriate action to compel a public body to institute appropriation proceedings for an involuntary taking of private property). AWMS alleged that the suspension order effected a governmental taking of its property requiring the state to pay AWMS just compensation.

**{¶ 9}** The court of appeals determined that the state had not effected a total or a partial regulatory taking of AWMS's property, and thus, the court granted summary judgment to the state and denied AWMS's mandamus petition, *State ex rel. AWMS Water Solutions, L.L.C. v. Zehringer*, 2019-Ohio-923, 132 N.E.3d 1151, ¶ 50-51 (11th Dist.). AWMS appealed that judgment to this court.

**{¶ 10}** We reversed, holding that there were genuine issues of material fact that precluded summary judgment on AWMS's total-takings claim and its partial-takings claim. *AWMS*, 162 Ohio St.3d 400, 2020-Ohio-5482, 165 N.E.3d 1167, at ¶ 56, 87-89. As to AWMS's total-takings claim, we held that "there is a genuine issue of material fact concerning whether the state's suspension of AWMS's operations at well #2 constituted a total taking by depriving AWMS of all

economically beneficial use *of its leasehold*." (Emphasis added.) *Id.* at ¶ 88. We remanded the case to the court of appeals with instructions to "weigh the parties' evidence relating to AWMS's total-takings claim." *Id.*

{¶ 11} As to the partial-takings claim, we likewise held that genuine issues of material fact prevented summary judgment in the state's favor. Specifically, we found that AWMS had demonstrated a genuine issue of material fact on two of the three factors that a court must weigh as part of the applicable partial-takings analysis set forth in *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). *See AWMS* at ¶ 58-70, 87. We instructed the court of appeals to weigh the parties' evidence "and balance all three *Penn Cent.* factors to determine whether AWMS suffered a partial taking." *Id.* at ¶ 89.

## B. The Eleventh District's Proceedings on Remand

{¶ 12} On remand, a three-judge panel of the court of appeals held a nine-day trial in September 2021. At trial, the parties presented 14 witnesses, offered over 250 exhibits, and submitted posttrial closing arguments. In March 2022, three months after the parties submitted their posttrial briefs, the court of appeals sua sponte entered an order asking the parties to submit supplemental briefing addressing the following questions:

(1) Does AWMS have a cognizable property interest in the permit issued by the division for AWMS #2 Well?

(2) Does AWMS have a cognizable property interest in the 5.2 acre lease which affords it the right to obtain permits for Class II injection wells?

(3) Is the injection of brine into the earth a cognizable property interest?

{¶ 13} AWMS submitted a supplemental brief answering "yes" to all three questions. Regarding the second question—whether it has a cognizable property interest in the lease—AWMS argued that this court had already held that it did and that that holding was therefore the law of the case. For its part, the state submitted its supplemental brief answering all three questions in the negative and arguing that AWMS did not have any cognizable property interest.

{¶ 14} The court of appeals denied AWMS's petition for a writ of mandamus, 2022-Ohio-4571, 204 N.E.3d 140, ¶ 103-105. The court of appeals held that (1) AWMS did not possess a cognizable property interest in its lease "that would trigger a Fifth Amendment takings analysis," *id.* at ¶ 103, (2) the interest AWMS has in its wells and equipment were not taken and therefore "does not require a Fifth Amendment takings analysis," *id.* at ¶ 104, and (3) AWMS had no cognizable property interest in its permit for purposes of a Fifth Amendment takings analysis, *id.* at ¶ 105. Because it ruled that AWMS lacked a cognizable property interest and its claim was therefore not subject to analysis under the Takings Clause, the court of appeals did not weigh the evidence with respect to either AWMS's total-takings claim or its partial-takings claim.

{¶ 15} AWMS appealed to this court as of right and asks for oral argument.

## II. MOTION FOR ORAL ARGUMENT

{¶ 16} AWMS has filed a motion for oral argument, which the state did not oppose. In exercising our discretion to grant oral argument in a direct appeal, S.Ct.Prac.R. 17.02(A), we determine whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals. *State ex rel. Ullmann v. Husted*, 148 Ohio St.3d 255, 2016-Ohio-5584, 70 N.E.3d 502, ¶ 6.

{¶ 17} In its motion for oral argument, AWMS contends that this case is worthy of oral argument because the court of appeals "impose[d] a new, narrow definition of what constitutes a property interest for purposes of the Takings

Clause." But it is not necessary for us to reach this issue. As we explain below, the court of appeals failed to follow our remand order and violated the law-of-the-case doctrine by sua sponte revisiting the issue whether AWMS possessed a cognizable property interest for Takings Clause purposes. Thus, we deny oral argument.

### III. ANALYSIS

#### A. Court of Appeals Did Not Comply with Remand Instructions

{¶ 18} In its first proposition of law, AWMS argues that the court of appeals improperly considered issues outside the scope of this court's remand order. Because this court instructed the court of appeals to "weigh the parties' evidence" relating to both the total-takings claim and the partial-takings claim, *AWMS*, 162 Ohio St.3d 400, 2020-Ohio-5482, 165 N.E.3d 1167, at ¶ 88-89, AWMS contends that the court of appeals lacked jurisdiction to consider, on remand, whether AWMS possessed a cognizable property interest. We agree with AWMS.

{¶ 19} It is axiomatic that an inferior court lacks jurisdiction to depart from a superior court's mandate. *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 104, 647 N.E.2d 792 (1995). In *AWMS*, we reversed the court of appeals' grant of summary judgment to the state and remanded the case specifically for the purpose of conducting the proper takings analysis. In this regard, we did not leave the court of appeals' task open-ended. Rather, we specified that the court of appeals "*must* weigh the parties' evidence relating to AWMS's total-takings claim" and "*must* weigh the parties' evidence in accordance with this opinion and balance all three *Penn Cent.*[, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631] factors to determine whether AWMS suffered a partial taking." (Emphasis added.) *AWMS* at ¶ 88-89.

{¶ 20} The court of appeals did not follow our instructions. Instead, after a trial and posttrial briefing, the court of appeals sua sponte ordered the parties to file supplemental briefs on the threshold issue of whether AWMS has a cognizable property interest that is compensable under the Takings Clause. The court of

appeals then denied the writ of mandamus—not because it had weighed the parties' evidence and had determined that there had been no regulatory taking, but because it held that AWMS had no cognizable property interest in the first place. 2022-Ohio-4571, 204 N.E.3d 140 at ¶ 55, 59, 101. By failing to weigh the evidence—the touchstone analysis of whether there has been a regulatory taking—the court of appeals failed to perform the task we ordered it to do on remand. This is reversible error: "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus.

{¶ 21} The state does not respond to AWMS's argument that the court of appeals exceeded the scope of this court's remand instructions. Nor does the state dispute that in *AWMS*, 162 Ohio St.3d 400, 2020-Ohio-5482, 165 N.E.3d 1167, we identified a leasehold interest as the relevant property interest for purposes of the takings analysis. Rather, regarding AWMS's leasehold, the state argues that the court of appeals found that this property interest has *not* been taken. But this argument leaves unanswered the question of how the court of appeals could have found the leasehold interest not to have been taken when it did not undertake either the total-takings or partial-takings analysis that we ordered it to perform. Indeed, the purpose of both analyses is to determine whether there has been a compensable regulatory taking of a property interest. *See AWMS* at ¶ 43, quoting *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 539, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005) ("the 'determinative factor' [of a total-takings claim] is whether the regulation effects a 'complete elimination of a property's value' "); *AWMS* at ¶ 57 (whether there is a partial regulatory taking depends upon the three-factor *Penn Cent.* analysis); *see also State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs.*, 115 Ohio St.3d 337, 2007-Ohio-5022, 875 N.E.2d 59, ¶ 19 (to determine whether there is a partial regulatory taking requires application of the *Penn Cent.* analysis).

{¶ 22} The court of appeals erred in denying the writ on the basis that AWMS lacked a cognizable property interest. By deciding the case in this manner, the court ventured beyond the scope of our remand order.

### B. Law-of-the-Case Doctrine

{¶ 23} AWMS's second proposition of law is related to the first. AWMS argues that the law-of-the-case doctrine required the court of appeals to abide by this court's legal findings in our previous decision in this case. Specifically, AWMS argues that this court already determined that AWMS held a leasehold interest that sufficed as a cognizable property interest for purposes of the Takings Clause. AWMS is correct on this point as well.

{¶ 24} The law-of-the-case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan*, 11 Ohio St.3d at 3, 462 N.E.2d 410. Though the rule is considered one of practice and not a binding rule of substantive law, it "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.* Accordingly, the law-of-the-case doctrine not only precludes relitigation of issues addressed in a prior appeal but also "precludes a litigant from attempting to rely on new arguments on retrial *which could have been pursued in a first appeal*." (Emphasis added.) *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co.*, 81 Ohio St.3d 214, 218, 690 N.E.2d 515 (1998); *see also Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781 (1996).

{¶ 25} To make a successful takings claim, AWMS had to first establish a constitutionally protected property interest. *State ex rel. Gilbert v. Cincinnati*, 125 Ohio St.3d 385, 2010-Ohio-1473, 928 N.E.2d 706, ¶ 19. Contrary to what the court of appeals determined, AWMS had already done that in this case. In *AWMS*, 165 Ohio St.3d 400, 2020-Ohio-5482, 165 N.E.3d 1167, we recognized that AWMS

possessed a property interest that triggered a takings analysis. Indeed, we described "the main issue" in this case as "whether the state effected either a total taking of well #2 under the standard established in *Lucas* [*v. South Carolina Coastal Council*, 505 U.S. 1003, 112 S.Ct.2886, 120 L.Ed.2d 798 (1992)] or a partial taking of it under the standard established in *Penn Cent.*[, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631]." *AWMS* at ¶ 30; *see also id.* at ¶ 26 (recognizing that AWMS has property interest in the leasehold on which it operated well #2); *id.* at ¶ 92 (Kennedy, J., concurring in judgment only) ("The property interest at stake in this case is a narrow one: a leasehold right to operate Class II saltwater-injection wells on 5.2 acres of industrial property in Weathersfield Township, Trumbull County, Ohio"). Based on AWMS's property interest, we went on to reverse the summary judgment granted in the state's favor, finding that there were genuine issues of material fact on whether there had been a total or partial regulatory taking. *AWMS* at ¶ 56, 87-89.

{¶ 26} Despite our recognizing AWMS's leasehold as a cognizable property interest, the court of appeals determined that we had *not* deemed that interest to be a property interest for takings purposes. According to the court of appeals, (1) "the legal question of whether AWMS possessed a cognizable property interest [had] not [been] at issue," before this court, 2022-Ohio-4571, 204 N.E.3d 140, at ¶ 46, and (2) this court had noted only that "AWMS was prima facie entitled to invoke the constitutional right to just compensation," not that it actually possessed a cognizable property interest, *id.* at ¶ 47.

{¶ 27} The court of appeals' reasoning is incorrect and runs afoul of the law-of-the-case doctrine. By sidestepping this court's remand instructions in favor of deciding the case based on its determination that AWMS lacks a cognizable property interest, the court of appeals revived an issue that could not be relitigated. Indeed, the state itself could not have raised the issue whether AWMS held a property interest for purposes of a takings analysis. In the summary-judgment

proceedings that led to the first appeal to this court, the state did not argue in its motion for summary judgment that AWMS did not have a property interest; rather, the state argued that AWMS had suffered neither a total nor partial taking of that property interest. Nor did the state raise in the first *AWMS* appeal the absence of a cognizable property interest. A litigant cannot raise on remand issues that could have been pursued in the first appeal. *Hubbard ex rel. Creed*, 74 Ohio St.3d at 404-405, 659 N.E.2d 781. Yet the court of appeals effectively allowed the state to do just that.

**{¶ 28}** AWMS's leasehold interest is a cognizable property interest for purposes of the Takings Clause. *AWMS*, 162 Ohio St.3d 400, 2020-Ohio-5482, 165 N.E.3d 1167, at ¶ 26, 56. That AWMS possesses a property interest is the law of the case, and the court of appeals erred in revisiting the issue.

### C. Other Property Interests

**{¶ 29}** In its remaining propositions of law, AWMS argues that it has legally cognizable property interests in not only its leasehold but in (1) the permit granted by the division for well #2, (2) its disposal wells and related equipment, and (3) subsurface rights related to the wells. AWMS asserted these arguments in response to the court of appeals' sua sponte order for supplemental briefing on the issue of what property interest AWMS holds for purposes of the Takings Clause.

**{¶ 30}** We need not reach these propositions of law. For the reasons stated above, it is the law of the case that AWMS possesses a cognizable property interest in the leasehold right to operate Class II saltwater-injection wells on 5.2 acres of industrial property in Weathersfield Township, Trumbull County, Ohio. *AWMS* at ¶ 3, 26. The issue that remains for adjudication is whether the state effectuated a total or partial regulatory taking of this leasehold.

### IV. CONCLUSION

**{¶ 31}** For the foregoing reasons, we deny the motion for oral argument, reverse the court of appeals' judgment, and remand the case to the court of appeals

for further proceedings in accordance with *AWMS*, 162 Ohio St.3d 400, 2020-Ohio-5482, 165 N.E.3d 1167, and this opinion. On remand, the court of appeals must (1) weigh the parties' evidence to determine whether AWMS suffered a total-taking and (2) weigh the parties' evidence and balance all three *Penn Cent.*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631, factors to determine whether AWMS suffered a partial taking.

Judgment reversed
and cause remanded.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————

Brennan, Manna & Diamond, L.L.C., John N. Childs, Elizabeth Shively Boatwright, Justin M. Alaburda, Daniel J. Rudary, and Hilary F. DeSaussure, for appellants.

Dave Yost, Attorney General, Michael J. Hendershot, Chief Deputy Solicitor General, and Samuel C. Peterson, Deputy Solicitor General, for appellees.

Vorys, Sater, Seymour & Pease, L.L.P., Thomas H. Fusonie, Gregory D. Russell, Emily J. Taft, and Muna Abdallah, urging reversal for amicus curiae Ohio Oil and Gas Association.

Cherry Lynne Poteet, Weathersfield Township Law Director, urging affirmance for amicus curiae Weathersfield Township.

————————