[Cite as *State v. Sylvester*, 2024-Ohio-1041.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-296 |
| v. | : | (C.P.C. No. 20CR-3727) |
| Kareem J. Sylvester, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 21, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant, Kareem J. Sylvester, appeals from a judgment of the Franklin County Court of Common Pleas resentencing him pursuant to a remand order from this court.

**I. Facts and Procedural History**

{¶ 2} This matter arises from the April 28, 2023 sentencing entry of the Franklin County Court of Common Pleas, which the trial court issued upon remand from this court's decision in *State v. Sylvester*, 10th Dist. No. 21AP-530, 2022-Ohio-3798. We adopt from our prior decision the discussion of the underlying criminal charges and the events of the sentencing hearing. *Id.* at ¶ 2-11. Below, we outline additional facts as they pertain to the present case.

{¶ 3}   On August 13, 2020, appellant was indicted for aggravated burglary in violation of R.C. 2911.11 and kidnapping in violation of R.C. 2905.01, both felonies of the first degree.  On August 17, 2021, the second day of appellant's criminal trial, appellant changed his original not guilty plea to a plea of guilty to the following: (1) aggravated burglary, a felony of the first degree, and (2) abduction, a felony of the third degree and a lesser-included offense of kidnapping.  The parties agreed to a sentence of four years and nine months in prison, and the trial court accepted the guilty plea with the caveat it "would not be inclined to follow the recommendation if [appellant] didn't show up" to his sentencing hearing.  (Aug. 17, 2021 Tr. at 15.)   Following a sentencing hearing in which appellant refused to cooperate until he was incarcerated at the trial court's order, the trial court declined to follow the joint sentencing recommendation.  The trial court sentenced appellant to eight years for aggravated burglary and two years for abduction, with the sentences to run consecutively for a total of ten years in prison.

{¶ 4}   On appellant's first appeal, this court agreed the trial court erred by failing to make the requisite findings pursuant to R.C. 2929.14(C)(4) to justify consecutive sentences.  *Sylvester* at ¶ 21.   This court issued a limited remand to address whether the R.C. 2929.14(C)(4) findings supported consecutive sentences.  *Id*. at ¶ 24.  Specifically, the remand was for "resentencing on the issue of consecutive sentences."  *Id*. at ¶ 25.

{¶ 5}   The trial court on remand again imposed a sentence of eight years for aggravated burglary and two years for abduction; this time, however, the sentences were ordered to run concurrently, resulting in a total of eight years in prison.  Consequently, by imposing concurrent rather than consecutive sentences, the trial court's sentence on remand had the effect of reducing appellant's prison term from ten to eight years.

{¶ 6}   Appellant timely appeals.

## II. Assignment of Error

{¶ 7}   Appellant presents the following sole assignment of error for our review:

> THE LOWER COURT FAILED TO FULLY FOLLOW THE INSTRUCTIONS UPON THE REMAND OF THIS CASE AND STILL BREACHED THE CONTRACTUAL PLEA AGREEMENT.

### III. Analysis

**{¶ 8}**   In his sole assignment of error, appellant contends the trial court failed to follow the remand instructions of *Sylvester*.

**{¶ 9}**   "It is axiomatic that an inferior court lacks jurisdiction to depart from a superior court's mandate." *State ex rel. AWMS Water Solutions*, *L.L.C. v. Mertz*, __ Ohio St.3d __, 2024-Ohio-200, ¶ 19, citing *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 104 (1995).   In *Sylvester*, we found "the appropriate remedy in this case is a limited remand to address whether the findings under R.C. 2929.14(C)(4) support consecutive sentences." *Id.* at ¶ 24.   We remanded the case to the trial court "for resentencing on the issue of consecutive sentences." *Id.* at ¶ 25.   On remand, the trial court resentenced appellant, and, rather than attempting to justify consecutive sentences, it imposed concurrent sentences. By limiting its actions on remand to resentencing appellant, and by doing so in accordance with R.C. 2929.41(A) and 2929.14(C)(3) and (4), the trial court fully complied with our remand instructions.   *See* R.C. 2929.41(A) (Absent certain exceptions, "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state.").

**{¶ 10}** Appellant also complains the trial court failed to adopt the jointly recommended sentence included in his plea deal.   This issue is barred by res judicata because appellant already litigated this question in his initial appeal to this court. *See*, *e.g.*, *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 10 ("Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.").   Even if we could revisit the question, we would choose simply to repeat ourselves—" 'a trial court is not bound by a jointly recommended sentence.' " *Sylvester* at ¶ 23, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28.   Deviation from a jointly recommended sentence "does not establish bias or prejudice" because it is well within the defined authority of a trial court to determine criminal sentences.   *Id.*, citing *In re Disqualification of Economous*, 74 Ohio St.3d 1230, 1231 (1991).   In the present case, even if res judicata did not bar appellant from raising this issue, this court would conclude the decision to deviate from the jointly recommended sentence was squarely within the trial court's discretion.

{¶ 11} Thus, the trial court complied with this court's remand instructions in resentencing appellant to concurrent prison terms. Accordingly, we overrule appellant's sole assignment of error.

**IV. Conclusion**

{¶ 12} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

———————